**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

ERIC R. SMITH                                                                                          PLAINTIFF

V.                                                                                              NO. 2:09CV123-P-D

ROBERT ADAMS                                                                                      DEFENDANTS

**ORDER DISMISSING COMPLAINT FOR FAILURE TO PROSECUTE**

Upon further consideration of the complaint and the files and records in this action, the court finds that an order dated July 13, 2009, required the Plaintiff to sign and return certain forms pertaining to the Prison Litigation Reform Act within thirty (30) days. The Plaintiff was warned that his failure to timely comply with the requirements of the order might lead to dismissal of his lawsuit.

Although more than thirty (30) days has elapsed, the Plaintiff has failed to submit the forms as ordered, specifically the Acknowledgment of Receipt and Certification to Continue (PSP-3). Rule 4l(b), Federal Rules of Civil Procedure, provides, *inter alia*:

> For failure of the plaintiff to prosecute or to comply with these Rules or any order of the court defendant may move for dismissal of an action or of any claim against him.

Even though the Rule addresses dismissal on motion of a defendant, it is now settled that the court has the inherent authority to dismiss *sua sponte* for want of prosecution. *Link v. Wabash Railroad*, 370 U.S. 626 (l962); *Lopez v. Aransas County Independent School District*, 570 F.2d 54l, 544 (5th Cir. l978). Rule 4l(b) further provides:

> Unless the court in its order for dismissal otherwise specifies, dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule l9, operates as an adjudication upon the merits.

Since the Defendant have never been called upon to respond to the Plaintiff's pleading, and have never appeared in this action, and since the court has not considered the merits of the Plaintiff's claims, the court's order of dismissal should provide that dismissal is without prejudice. *Shaw v. Estelle*, 542 F.2d 954 (5th Cir. l976).

Therefore, it is hereby

**ORDERED** that the cause be DISMISSED without prejudice pursuant to Rule 41(b), Federal Rules of Civil Procedure, for failure to comply with an order of the court and this matter is CLOSED.

THIS the 22nd day of September, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE